**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| David Hall and Jennifer Knapp, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>SEI Investments Company, SEI Investments Management Corporation, SEI Capital Accumulation Plan Administration Committee, and John Does 1-30.<br><br>Defendants. | Case No. 2:25-cv-07341-JDW |

**DECLARATION OF MATTHEW J. LANGLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Matthew J. Langley, declare and state as follows:

1. I am a partner at Almeida Law Group LLC ("ALG") and am one of the attorneys representing the Plaintiffs in the above-captioned action. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the matters stated in this declaration through my participation in this litigation and my review of the records maintained by Class Counsel, except where another source is expressly identified.

**Settlement Terms**

2. Attached hereto as **Exhibit A** is a true and correct copy of the proposed Class Action Settlement Agreement, together with its Exhibits A, A-1, B, and C. The Settlement resolves Plaintiffs' class action claims against SEI Investments Company ("SEIC" or, together with its affiliates, "SEI"), SEI Investments Management Corporation ("SIMC"), the SEI Capital

Accumulation Plan Administration Committee ("Committee"), and John Does 1-30 (collectively, "Defendants"), under the Employee Retirement Income Security Act ("ERISA"), regarding Defendants' administration and management of the SEI Capital Accumulation Plan (the "Plan").[1]

3. The Settlement Agreement calls for certification of a Settlement Class defined as follows:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

*Settlement Agreement* ¶ *2.47*. The Class Period runs from January 1, 2020 through and including the date on which the Preliminary Approval Order is entered by the Court. *Id.* ¶ *2.13*. Based on information provided by Defendants, there are approximately 8,600 class members.

4. Under the Settlement, Defendants or their insurers will contribute a Gross Settlement Amount of $2,750,000 to a common settlement fund (the "Qualified Settlement Fund"). *Id.* ¶ *2.27*; *see also id.* ¶ *5.1* (describing the establishment of the Qualified Settlement Fund); *id.* ¶¶ 5.4, 5.5 (describing Defendants' contributions to the Qualified Settlement Fund). On a gross per-capita basis, before fees, costs, and other deductions, this is about $320 per Class Member, and it represents approximately 0.3% of Plan assets. The average participant recovery is similar to other recent 401(k) settlements. *See, e.g.*, *Conlon v. Northern Trust, et al.*, No. 1:21-cv-2940, ECF No. 131 (N.D. Ill. June 16, 2025) (average participant award of $347.50); *Lacrosse v. Jack Henry & Associates, Inc. et al.*, No. 3:23-cv-05088, ECF No. 103 (W.D. Mo. Jan. 12, 2026) (average participant award of $123.43).

[1] All capitalized terms have the meaning assigned to them in Article 2 of the Settlement Agreement, unless otherwise defined herein.

5. After accounting for any Attorneys' Fees and Costs, Case Contribution Awards, Administrative Expenses, and a contingency reserve not to exceed an amount mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for Administrative Expenses and an amount estimated for adjustments of data or calculation errors, the Net Settlement Amount will be distributed to eligible Class Members. *Id.* ¶¶ *2.30*, *6.2*; *see also id.* ¶ *2.4* (defining Attorneys' Fees and Costs); ¶ *2.9* (defining Case Contribution Awards).

6. Current Participants and Beneficiaries or Alternate Payees with Active Accounts will receive their settlement payments through those accounts without submitting a claim form. Former Participants and Beneficiaries or Alternate Payees without Active Accounts must submit a completed Former Participant Claim Form that the Settlement Administrator receives within 120 calendar days after entry of the Preliminary Approval Order. They may elect an eligible rollover by providing adequate information to effect the rollover; otherwise, payment will be made by check. A person who had an Active Account when the Preliminary Approval Order was entered but no longer has an Active Account when payments are made will receive payment by check or eligible rollover without submitting a claim form. *Settlement Agreement* ¶ *3.2.5 & Ex. B* ¶¶ *1.6–1.7*. Any Net Settlement Amount remaining after distributions, including costs, taxes, and interest earned on the Qualified Settlement Fund, will be deposited into the Plan to defray administrative fees and expenses that would otherwise be charged to participants. That residual distribution will occur no sooner than 395 calendar days after the Settlement Effective Date. *Settlement Agreement* ¶ *6.6 & Ex. B* ¶ *1.14*.

7. The Settlement also provides for prospective relief. Specifically, the Settlement Agreement states that Defendants agree to conduct a request for proposal, within nine months of the Settlement Effective Date, for an unaffiliated "investment manager" as defined in ERISA

§ 3(38), 29 U.S.C. § 1002(38), to assume fiduciary authority and discretion with respect to the Plan's investment options (other than the SEI Company Stock Fund and the current brokerage account option), including with the authority and discretion to remove any Plan investment options as the investment manager deems prudent. *Settlement Agreement* ¶ *15.1*. This prospective relief directly addresses the issues Plaintiffs raised in the lawsuit and further supports approval of the settlement.

8. In the absence of a Settlement, Plaintiffs would have faced potential litigation risks. *See Stoner v. CBA Info. Servs.*, 352 F. Supp. 2d 549, 552 (E.D. Pa. 2005) ("Absent the settlement, a lengthy and expensive trial and appeal would likely be inevitable, and avoiding these costs benefits all parties."). These risks are objectively illustrated by the recent judgment entered in favor of the defendants following three days of trial in another ERISA case in this Court. *Nunez v. B. Braun Med., Inc.*, 2023 WL 5339620, at *1 (E.D. Pa. Aug. 18, 2023) (determining that the investment committee did not breach its fiduciary duty of prudence).

9. At a minimum, continuing the litigation in this case would have resulted in a complex and costly trial before this Court with a possible appeal to the Third Circuit, which would have significantly delayed any relief to Class Members (at best), and might have resulted in no relief at all. For example, in *Sacerdote v. New York University*, 328 F. Supp. 3d 273, 280 (S.D.N.Y. 2018), *aff'd in part, vacated in part, and remanded*, 9 F.4th 95 (2d Cir. 2021), the court found that "while there were deficiencies in the Committee's processes—including that several members displayed a concerning lack of knowledge relevant to the Committee's mandate—plaintiffs have not proven that . . . the Plans suffered losses as a result." *Sacerdote*, 328 F. Supp. 3d at 280. Likewise, the trial court decision in American Century resulted in an adverse ruling on the issue of loss. *See Wildman v. Am. Century Servs., LLC*, 362 F. Supp. 3d 685, 710 (W.D. Mo. 2019) (finding that "Plaintiffs

failed to prove a loss to the Plan"). Although Plaintiffs believe they would be able to establish damages through expert testimony, these decisions illustrate the risks Plaintiffs would face on the issue of loss and the costs associated with continued litigation.

10. Given the benefits provided by the Settlement, and the risks, costs, and inevitable delay associated with continuing the litigation, I believe that the Settlement as negotiated by the Parties is fair, reasonable, and adequate.

**Investigation, Discovery, and Settlement Negotiations**

11. Prior to filing the Complaint in this action, my colleagues and I conducted a thorough investigation of the claims that were asserted and the factual basis for those claims. Among other things, this included reviewing publicly available information relating to the Plan, examining our clients' account statements and other documents, and conducting an analysis of the expenses and performance of the Plan's investment options versus other alternatives in the marketplace. As a result of our investigatory efforts, we were able to file a detailed, 37-page Complaint.

12. The Parties' pre-mediation discovery efforts also generated a significant record. In total, Defendants produced more than 1,200 pages of documents, including internal Plan documents. The Parties also prepared and exchanged fulsome mediation statements.

13. Before the mediation, Class Counsel had conducted the investigation described in Paragraph 11, prepared the Complaint, obtained more than 1,200 pages of documents from Defendants, and exchanged mediation statements addressing the Parties' factual and legal positions. The Parties then engaged in a full-day mediation with Robert A. Meyer, Esq. on August 5, 2026. Mr. Meyer is an experienced and well-respected mediator who has successfully resolved numerous class action cases including many ERISA breach of fiduciary duty actions. During the

mediation, the Parties reached an agreement in principle to resolve Plaintiffs' claims.

14. The Parties subsequently negotiated the details of the comprehensive Settlement Agreement that is the subject of the present motion. The Settlement resulted from arm's-length negotiations between separately represented parties, following the document exchange and mediation described above. Class Counsel evaluated the proposed terms in light of the information obtained during the investigation and pre-mediation discovery and the risks and costs of continued litigation.

15. Plaintiffs David Hall and Jennifer Knapp assisted Class Counsel by providing information concerning their participation in the Plan and their investments, communicating with counsel concerning the litigation, and considering the proposed Settlement. Each Plaintiff has reviewed and approved the Settlement. Based on my communications with Plaintiffs and my work in this action, I am not aware of any conflict between their interests and those of the Settlement Class concerning the claims or the proposed relief.

**Professional Background**

16. I am licensed to practice law in the State of Illinois, the State of California, the State of Florida, and the State of New York. I am also licensed to practice in the following jurisdictions:

- U.S. District Court, Central District of California
- U.S. District Court, Southern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Northern District of Illinois
- U.S. District Court, Middle District of Florida
- U.S. District Court, Southern District of Florida
- U.S. District Court, Southern District of New York

- U.S. Court of Appeals, Eleventh Circuit
- U.S. Court of Appeals, Seventh Circuit
- U.S. Court of Appeals, Ninth Circuit

17. ALG's attorneys (including myself) have represented plaintiffs and been appointed class counsel for litigation purposes in many other complex class action litigations, including the following matters, in each of which I have been lead counsel:

- *Callbeck v. Wellington Management Company LLP et al.*, 26-cv-14590 (D. Mass.) (ERISA)
- *Beyers et al v. Caterpillar, Inc. et al.*, 26-cv-09260 (N.D. Ill.) (ERISA)
- *Reedy et al. v. Everlywell, Inc.*, 1:24-cv-02713 (N.D. Ill.) (involving tracking technology);
- *Allen v. Midwest Express Care*, 1:24-cv-05348 (N.D. Ill.) (involving tracking technology);
- *Begay v. NextCare Holdings LLC*, 2:24-cv-01685-DJH (D. Ariz.) (involving tracking technology);
- *Stegmeyer et al. v. ABM Industries Incorporated et al.*, 1:24-cv-00394 (N.D. Ill.) (disclosure of information in violation of the Driver Privacy Protection Act ("DPPA"));
- *B.K., et al. v. Eisenhower Medical Center, et al.,* 5:23-cv-02092-JGB-DTB (C.D. Cal.) (involving tracking technology);
- *Buraga v. CDK Global, LLC*, 1:24-cv-05273 (N.D. Ill.) (Data Breach Case);
- *Nick Gaige v. Exer Holding Company*, LLC, 2:24-cv-06099-SPG-AJR (C.D. Cal.) (involving tracking technology);

- *Baker v. University of Vermont Health Inc. et al.*, 2:24-cv-00673-cr (D. Vt.) (involving tracking technology);
- *B.W. et al v. San Diego Fertility Center Medical Group, Inc. et al.*, 3:24-cv-00237-LL-BLM (S.D. Cal.) (involving tracking technology).

18. A true and correct copy of ALG's firm resume of ALG is attached as **Exhibit B**. The resume describes the firm's attorneys, relevant litigation experience, and representative matters. Both ALG and Levin Sedran & Berman LLP have committed the attorney time and financial resources necessary to represent the Settlement Class through the approval process and implementation of the Settlement.

**Settlement Administrator**

19. After soliciting bids and reviewing proposals from several settlement administration firms, Class Counsel has selected Kroll Settlement Administration LLC to serve as the settlement administrator in this matter. Kroll Settlement Administration LLC has extensive experience administering class action settlements. The Declaration of Brianne A. Nelson of Kroll Settlement Administration LLC, which is attached as **Exhibit C**, explains how Kroll Settlement Administration LLC will administer this Settlement and provides additional details on the firm's experience and capabilities in settlement administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 30, 2026

*/s/ Matthew J. Langley*
Matthew J. Langley

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, a true and correct copy of this document was served by CM/ECF to the Parties registered to the Court's CM/ECF system.

Dated: October 30, 2026

*/s/ Matthew J. Langley*
Matthew J. Langley