# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| David Hall and Jennifer Knapp, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEI Investments Company, SEI Investments Management Corporation, SEI Capital Accumulation Plan Administration Committee, and John Does 1-30,<br><br>Defendants. | Case No. 2:25-cv-07341-JDW |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

***IF YOU WERE A PARTICIPANT IN THE SEI CAPITAL ACCUMULATION PLAN BETWEEN JANUARY 1, 2020, AND [INSERT PRELIMINARY APPROVAL DATE], YOU COULD RECEIVE A PAYMENT AND YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS CLASS ACTION SETTLEMENT.***

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

This Notice advises you of the settlement (the "Settlement") of a lawsuit against SEI Investments Company, SEI Investments Management Corporation, and the SEI Capital Accumulation Plan Administration Committee (collectively, "Defendants").

In the lawsuit, Plaintiffs David Hall and Jennifer Knapp ("Plaintiffs," and with Defendants, the "Parties"), allege that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") in the administration of the SEI Capital Accumulation Plan (the "Plan" or "SEI Plan"). Defendants deny the allegations and deny that they engaged in any improper conduct.

YOU SHOULD READ THIS ENTIRE NOTICE CAREFULLY BECAUSE YOUR LEGAL RIGHTS WILL BE AFFECTED, WHETHER YOU ACT OR NOT.

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION

1. Why did I get this Notice? ... 1
2. What is this lawsuit about? ... 1
3. What is a class action lawsuit? ... 1
4. Why is there a settlement? ... 1
5. How do I get more information about the Settlement? ... 2
6. Who will administer the Settlement? ... 2

### THE SETTLEMENT DETAILS – WHAT THE SETTLEMENT PROVIDES

7. What does the Settlement provide? ... 2
8. How may I benefit from the Settlement? ... 2
9. How do I submit a claim for a Settlement Payment? ... 3
10. What are the Plaintiffs receiving from the Settlement? ... 3

### THE SETTLEMENT DETAILS – WHAT YOU GIVE UP

11. What do I give up by participating in the Settlement? ... 4

### THE LAWYERS REPRESENTING YOU

12. Do I have a lawyer in this case? ... 4
13. How will the lawyers (Class Counsel) be paid? ... 4

### OPTING OUT OF THE SETTLEMENT

14. Can I exclude myself from the Settlement Class? ... 4

### OBJECTING TO THE SETTLEMENT

15. What does it mean to object? ... 4
16. What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Awards? ... 5

### THE COURT'S FAIRNESS HEARING

17. When/where will the Court decide whether to approve the Settlement? ... 6
18. Do I have to attend the Fairness Hearing? ... 6
19. May I speak at the Fairness Hearing? ... 6

### IF YOU DO NOTHING

20. What happens if I do nothing at all? ... 7

**1. Why did I get this Notice?**

Records indicate that you are or may be a Current Participant, Former Participant, or Beneficiary or Alternate Payee of a Participant or Former Participant, of the Plan at any time on or after January 1, 2020, through and including [INSERT PRELIMINARY APPROVAL DATE] (the "Class Period").[1]

The Settlement Class consists of all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan during the Class Period and any Alternate Payee of a Person subject to a Qualified Domestic Relations Order ("QDRO") who participated in the Plan during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

You are receiving this Notice because you have a right to know about the proposed settlement of a class action lawsuit in which you are potentially a Class Member before the Court decides whether to approve the Settlement.

This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible to receive them, and how to get them (including the applicable deadlines).

The lawsuit is pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"). It is known as *Hall, et al. v. SEI Investments Company, et al.*, Case No. 2:25-cv-07341-JDW, and it is brought against Defendants.

**2. What is this lawsuit about?**

On December 26, 2025, Plaintiffs filed a class action complaint against Defendants, alleging that their administration of the Plan violated ERISA, including by causing the Plan to offer certain investment options that Plaintiffs claimed were underperforming and imprudent. Since the filing of the action, the parties engaged in litigation, including investigating the claims and other developments, conferring and exchanging pre-briefing letters in advance of a motion to dismiss, and exchanging Plan-related documents. In August 2026, the Parties mediated the action and were ultimately able to reach the terms of the Settlement explained in this Notice.

Defendants have denied and continue to deny any wrongdoing or liability and will continue to vigorously defend the lawsuit if the proposed Settlement is not approved. Defendants are settling this case to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

**3. What is a class action lawsuit?**

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who they allege have similar claims. If the class is certified by the court, then one court resolves all the issues for all class members in a single lawsuit.

---

[1]Capitalized terms not otherwise defined in this Notice shall have the same meaning as in the Settlement Agreement, which is available at [*INSERT SETTLEMENT WEBSITE LINK*].

Plaintiffs are the proposed class representatives in this lawsuit, and are sometimes referred to in this Notice as the "Class Representatives" or as "Plaintiffs."

**4. Why is there a settlement?**

The Parties agreed to the Settlement after extensive negotiations and a mediation with an experienced, neutral third-party mediator. By agreeing to a settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and the other members of the Class will receive compensation. Class Counsel have conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation. Plaintiffs and Class Counsel agree that the Settlement is in the best interest of the Settlement Class. The Court has not made any finding that Defendants have done anything wrong or violated any law or regulation.

**5. How do I get more information about the Settlement?**

This Notice summarizes the proposed settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement, which is available at [*insert settlement website*], by contacting Class Counsel (see answer to question 12 for contact information) or the Settlement Administrator (see answer to question 6 for contact information), or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.paed.uscourts.gov.

**PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**6. Who will administer the Settlement?**

The Settlement Administrator, Kroll Settlement Administration LLC, will administer the Settlement, including the processing of the Former Participant Claim Form, if applicable, that you may need to fill out and send in to receive any settlement payment. You may contact the Settlement Administrator by: (a) sending a letter to [*insert title, contact, and mailing address*]; (b) sending an e-mail to [*insert appropriate email address*]; (c) visiting the Settlement website at [*insert website link*], or (d) calling toll-free at [*insert appropriate phone no.*].

## THE SETTLEMENT DETAILS – WHAT THE SETTLEMENT PROVIDES

**7. What does the Settlement provide?**

Defendants have agreed to pay a total of $2,750,000.00 into a Qualified Settlement Fund, which includes amounts for expenses associated with administering the Settlement and other related costs ("Gross Settlement Amount"). Class Counsel intends to ask the Court to approve attorneys' fees of up to 35% of the Gross Settlement Amount ($962,500), plus reimbursement of litigation costs and expenses, as well as Case Contribution Awards not to exceed $5,000 for each Class Representative. The amount that will be available for distribution to Class Members ("Net Settlement Amount") will be the Gross Settlement Amount minus Court-approved attorneys' fees and litigation costs and expenses, Court-approved Case Contribution Awards,

Administrative Expenses (including applicable taxes and tax-related costs), and a contingency reserve established under the Settlement Agreement for unpaid or anticipated Administrative Expenses and adjustments for data or calculation errors.

Defendants also agreed to conduct, within nine months after the Settlement Effective Date, a request for proposals for an unaffiliated investment manager under ERISA § 3(38) to assume fiduciary authority and discretion over the Plan's investment options, other than the SEI Company Stock Fund and the current brokerage account option.

**8. How may I benefit from the Settlement?**

You may be entitled to payment of a portion of the Net Settlement Amount. The amount paid to each Current Participant, Former Participant, Beneficiary, or Alternate Payee will be determined by a Plan of Allocation subject to approval by the Court.

Under the proposed Plan of Allocation, your payment will be proportional to the sum of your year-end Plan account balances during the Class Period compared with the corresponding total for the Plan, subject to the adjustments described in the Plan of Allocation. The proposed Plan of Allocation is available at [SETTLEMENT WEBSITE].

As explained below, if you are a Current Participant, or a Beneficiary or Alternate Payee and you have an Active Account in the Plan, you do not need to take any action to receive payment under the Settlement. Payments made to Current Participants, or to Beneficiary or Alternate Payee who have Active Accounts in the Plan, shall be made into these persons' individual investment accounts in the Plan.

An "Active Account" is an individual investment account in the Plan with a balance greater than $0.00. Current or Former Participant status is determined as of [PRELIMINARY APPROVAL DATE]. For Beneficiaries and Alternate Payees, whether a claim form is required and how payment will be made depend on whether they have their own Active Account as of that date.

If you are a Former Participant, or a Beneficiary or Alternate Payee and you do not have an Active Account in the Plan, you will need to submit a Former Participant Claim Form by the submission deadline to receive payment under the Settlement. Payments made to Former Participants, or to Beneficiaries or Alternate Payees who do not have Active Accounts in the Plan, may be made either by check or tax-qualified rollover to an individual retirement account or other eligible employer plan.

**9. How do I submit a claim for a Settlement Payment?**

If you are a Current Participant, or a Beneficiary or Alternate Payeeof a Participant and you have an Active Account in the Plan, you do not need to submit a claim to be eligible for a payment under the Settlement. You will receive any payment for which you are eligible automatically in your Plan account.

If you are a Former Participant, or a Beneficiary or Alternate Payee and you do not have an

Active Account in the Plan, you must submit a Former Participant Claim Form by the submission deadline to be eligible for a payment under the Settlement. "Former Participant" means a member of the Settlement Class who does not have an Active Account in the Plan (*i.e.*, a balance greater than $0) as of [INSERT PRELIMINARY APPROVAL DATE].

If you are a Former Participant, or a Beneficiary or Alternate Payee without an Active Account, you must complete and mail the Former Participant Claim Form to the Settlement Administrator at the address shown on the Form. The Settlement Administrator must receive your completed Form by [CLAIM DEADLINE: 120 CALENDAR DAYS AFTER ENTRY OF THE PRELIMINARY APPROVAL ORDER].

A Former Participant Claim Form will be deemed submitted when it is actually received by the Settlement Administrator at the address listed in the Former Participant Claim Form.

**NOTE: Even if you do not submit a Former Participant Claim Form, you will be bound by the Settlement. (See answer to question 14 below.)**

### 10. What are the Plaintiffs receiving from the Settlement?

Class Counsel intends to ask the Court to award each of the Class Representatives a Case Contribution Award of an amount not to exceed $5,000.00 in recognition of the work and effort they expended on behalf of the Class.

## THE SETTLEMENT DETAILS – WHAT YOU GIVE UP

### 11. What do I give up by participating in the Settlement?

If the Settlement becomes effective, all Class Members will release the "Released Claims" against the "Released Parties," as those terms are defined in the Settlement Agreement, whether or not they submit a claim or receive a payment. The Released Parties include Defendants and other persons and entities identified in the Settlement Agreement. The Released Claims include known and unknown claims based on acts or failures to act during the Class Period concerning the Plan's management, investment options, fees, expenses, service providers, related disclosures, and fiduciary conduct, as well as claims concerning the settlement allocation and the Independent Fiduciary's approval, subject to the terms and exceptions in the Settlement Agreement.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel. (See answer to question 5 for details.)

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

Yes. The Court has appointed Almeida Law Group LLC and Levin Sedran & Berman LLP as Class Counsel. You will not be charged for the work of these lawyers. If you want to be

represented by a different lawyer in this case, you may hire one at your own expense.

### 13. How will the lawyers (Class Counsel) be paid?

Class Counsel will ask the Court for an award of attorneys' fees of up to 35% ($962,500) of the Gross Settlement Amount, as well as reasonable litigation costs and expenses, based upon the value of the Settlement, the time they have devoted to this engagement, and the expenses they have advanced in prosecuting this matter. Any attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the Qualified Settlement Fund.

## OPTING OUT OF THE SETTLEMENT

### 14. Can I exclude myself from the Settlement Class?

No. The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Settlement Class. Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the lawsuit for all claims that were asserted in the lawsuit or are otherwise included as Released Claims as defined in the Settlement Agreement. However, if you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement.

## OBJECTING TO THE SETTLEMENT

### 15. What does it mean to object?

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

### 16. What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Awards?

You can ask the Court to deny approval of the Settlement and/or the Motion for Attorneys' Fees and Expenses of Class Counsel or the Case Contribution Awards to be requested for the Class Representatives by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement presented to it. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court, however, can award less than the amount requested by Class Counsel for attorneys' fees and expenses or the amount requested for the case contribution awards. If the Court does so (because of an objection or in its own discretion) that ruling could affect the timing and amount of settlement payments, but any reduction in Class Counsel's attorneys' fees and expenses or Case Contribution Awards to be paid to the Class Representatives would not otherwise affect the finality of the Settlement.

Any objection to the proposed Settlement or Motion for Attorneys' Fees and Expenses or Case

Contribution Awards must be in writing in accordance with the requirements in the Preliminary Approval Order. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must: (a) clearly identify the case name and number as *Hall, et al. v. SEI Investments Company, et al.*, Case No. 2:25-cv-07341; (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania (see address below), or by filing them in person at any location of the United States District Court for the Eastern District of Pennsylvania; and (c) be filed or postmarked on or before __________, 2026. [INSERT ACTUAL DATE OF 30 DAYS BEFORE THE FAIRNESS HEARING] You must also send copies of your objection and supporting papers to Class Counsel and Defense Counsel at the addresses below by the same deadline.

Your objection must also include: (1) your full name, current address, and current telephone number, and, if represented by counsel, any of your counsel's names and contact information; (2) a written statement of your objection(s), specifying the reason(s) for each objection, including any supporting evidence, and whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (3) copies of any papers, brief, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection; (5) a list of any other objections to any class action settlements you or anyone acting on your behalf has submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (6) your signature, even if you are represented by counsel.

Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing.

**ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

| Clerk of Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Eastern District of Pennsylvania<br>James A. Byrne U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | Matthew J. Langley<br>Christopher M. Nienhaus<br>ALMEIDA LAW GROUP LLC<br>849 W. Webster Ave.<br>Chicago, IL 60614<br>Tel: (312) 576-3024<br>matt@almeidalawgroup.com<br>chris@almeidalawgroup.com<br><br>Austin B. Cohen<br>Charles E. Schaffer<br>LEVIN SEDRAN &<br>BERMAN LLP<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Tel: (215) 592-1500<br>acohen@lfsblaw.com<br>cschaffer@lfsblaw.com | Jeremy P. Blumenfeld<br>MORGAN, LEWIS & BOCKIUS<br>2222 Market Street<br>Philadelphia, PA 19103<br>Tel: (215) 963-5000<br>jeremy.blumenfeld@morganlewis.com |

## THE COURT'S FAIRNESS HEARING

### 17. When/where will the Court decide whether to approve the Settlement?

On _________, 2027, at ____ a.m./p.m. [ACTUAL DATE AND TIME TO BE AT LEAST ___ DAYS AFTER MOTION FOR ENTRY OF PRELIMINARY APPROVAL ORDER AS ESTABLISHED BY THE COURT], in the James A. Byrne United States Courthouse, 601 Market Street, Courtroom 12-B, Philadelphia, PA 19106, the Court will hold a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved. The hearing may be continued from time to time by the Court without further notice, and may be held via teleconference or videoconference. Please check the settlement website, access the Court's PACER system, or contact Class Counsel if you wish to confirm that the hearing time has not been changed and to determine if it is occurring in person or by video or teleconference. (See answer to question 5 for details.)

### 18. Do I have to attend the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you submit an objection to the Settlement, you do not have to go to Court to talk about it. As long as your objection is filed or postmarked by ___________

[ACTUAL DATE TO BE 30 DAYS BEFORE THE FAIRNESS HEARING] and you comply with the requirements in the answer to question 16 above, the Court will consider it. You may also send your own lawyer at your expense to attend the Fairness Hearing.

**19. May I speak at the Fairness Hearing?**

If you are a Settlement Class Member, you may ask the Court for permission to speak at the hearing.

Objectors or their attorneys intending to participate at the Fairness Hearing must file with the Court and serve on Class Counsel and Defense Counsel a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than ________, 2027 [ACTUAL DATE TO BE 15 DAYS BEFORE THE DATE OF FAIRNESS HEARING SPECIFIED IN THE PRELIMINARY APPROVAL ORDER]. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

**IF YOU DO NOTHING**

**20. What happens if I do nothing at all?**

IF YOU DO NOTHING, YOU AND ALL OTHER SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF CLAIMS.

If you are a Current Participant, or a Beneficiary or Alternate Payee and you have an Active Account in the Plan, you do not need to take any action to be eligible to receive the Settlement benefits.

If you are a Former Participant, or a Beneficiary or Alternate Payee and you do not have an Active Account in the Plan, you must submit a Former Participant Claim Form by the submission deadline or you will not receive any of the settlement payments described above in answer to questions 7 and 8. If you do nothing, you will still be bound by the Settlement as described in this Settlement Notice, if the Settlement is finally approved, but YOU WILL NOT RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM, received by the Settlement Administrator by the deadline stated in Question 9 above.

Dated: ____________ [ACTUAL NOTICE DATE TO BE NO LATER THAN 30 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER]

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# EXHIBIT A-1

*000000000000*
0 0 0 0 0 0 0 0 0 0 0 0

**Your completed claim must be received online or by mail by: Month XX, 202X**

## FORMER PARTICIPANT CLAIM FORM

*Hall, et al. v. SEI Investments Company, et al.*
No. 2:25-cv-07341-JDW
United States District Court for the Eastern District of Pennsylvania

## GENERAL INSTRUCTIONS

This Former Participant Claim Form is only for Class Members who are Former Participants, or Beneficiaries or Alternate Payees who did not have their own Active Account in the Plan as of [Preliminary Approval date]. An Active Account is an individual investment account with a balance greater than $0.00. A **Former Participant** is a Class Member who does not have an Active Account as of [Preliminary Approval date]. A **Beneficiary** is any individual, trust, estate, or other recipient entitled to receive a benefit under the SEI Capital Accumulation Plan (the "Plan") because of a deceased Current Participant's or Former Participant's interest in the Plan, other than an Alternate Payee. An **Alternate Payee** is a Person other than a Current Participant, Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"). If you are required to submit this Claim Form, you must decide whether you want your settlement payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). If you had an Active Account as of [Preliminary Approval date] but closed it afterward, you do not need to submit this Claim Form to receive your settlement payment.

**To receive a settlement payment, the Settlement Administrator must receive your completed Claim Form by Month XX, 202X.**

Claim Forms may be submitted online at **www.[website].com** or by mail at the address below. Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, including any necessary supporting documentation, by U.S. Mail, allowing sufficient time for receipt by the deadline above, to the Settlement Administrator at:

*Hall, et al. v. SEI Investments Company, et al.*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

Former Participants who do not complete and timely submit a Claim Form will not receive a settlement payment. Please review the instructions and reminders carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator at www.[website].com using the "Contact Us" form or by calling (XXX) XXX-XXXX.

**Reminders:**

- You must include your date of birth and Social Security Number (see Section I).
- To do a rollover, you must fully complete the rollover information in Section III. If you do not select a rollover option, the settlement payment will be sent to you directly by check.
- You must provide your signature, the date, and a completed Substitute IRS Form W-9 (see Section IV).
- To update or change your address after sending in your Claim Form, please contact the Settlement Administrator at www.[website].com using the "Contact Us" form or by calling (XXX) XXX-XXXX. Make sure to include your Class Member ID and your phone number in case we need to contact you in order to complete your request.
- Settlement payments to eligible Class Members will be calculated according to the Plan of Allocation (available at www.[website].com) and distributed after the Court grants final approval to the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Please be patient. If the total amount of valid claims exceeds the amount of funds available, settlement payment amounts will be reduced *pro rata* (proportionally) based on the Plan of Allocation.
- If you submit a valid claim and your settlement payment is initially calculated at $10.00 or less, it will be increased to $10.00, subject to any proportional reduction required by the Plan of Allocation.
- The Settlement Administrator will provide instructions regarding completing this Claim Form only and will not provide financial, tax, or other advice concerning the Settlement. You may want to consult with your financial or

tax advisor. More information, including the status of the approval of the Settlement, is available on the Settlement Website, www.[website].com.

## I. PARTICIPANT INFORMATION

If you are the Former Participant, provide your information below. If you are filing as a Beneficiary or Alternate Payee, provide the Plan participant's information below, to the extent known, and your own information in Section II. You must notify the Settlement Administrator if your contact information changes after submission.

________________________ ____ ____________________________

**First Name** **M.I.** **Last Name**

____________________________________________________________

**Address 1**

____________________________________________________________

**Address 2**

________________________________ ___ ___ ___ ___ ___ ___ ___

**City** **State** **Zip Code**

**Telephone Number: ( ___ ___ ___ ) ___ ___ ___ — ___ ___ ___ ___**

___ ___ ___ — ___ ___ — ___ ___ ___ ___ ___ ___ / ___ ___ / ___ ___ ___ ___

**Social Security Number** **Date of Birth (MM/DD/YYYY)**

**Email Address:** ______________________________________

**Class Member ID (if known):** ___ ___ ___ ___ ___ ___ ___ ___

## II. BENEFICIARY OR ALTERNATE PAYEE INFORMATION *(IF APPLICABLE)*

If applicable, check the appropriate box and provide the Beneficiary's or Alternate Payee's information below. For a trust, estate, or other entity, enter its legal name on the name line, its taxpayer identification number on the Social Security Number line, and leave the date-of-birth field blank. Complete Sections III and IV for the person or entity entitled to payment.

☐ I am the surviving spouse or other Beneficiary of the deceased Plan participant, or an authorized representative of that Beneficiary. Provide documentation establishing the Beneficiary's entitlement to payment and, if signing as a representative, your authority to act for the Beneficiary.

☐ I am an Alternate Payee under a Qualified Domestic Relations Order (QDRO).

________________________ ____ ____________________________

**First Name** **M.I.** **Last Name**

____________________________________________________________

**Address 1**

____________________________________________________________

**Address 2**

________________________________ ___ ___ ___ ___ ___ ___ ___

**City** **State** **Zip Code**

____ ____ ____ — ____ ____ — ____ ____ ____ ____ ____ ____ / ____ ____ / ____ ____ ____ ____
**Social Security Number** **Date of Birth (MM/DD/YYYY)**

**Email Address:** ________________________________________________

## III. PAYMENT ELECTION

Select either payment by check or one rollover option. A rollover is available only if you and the payment are eligible under applicable tax law and the receiving plan or IRA accepts the rollover. If you are a Beneficiary or Alternate Payee, contact the Settlement Administrator before selecting a rollover because special eligibility rules apply.

☐ **Payment to Self**: A check subject to mandatory federal and applicable state withholding tax will be mailed to the address you provided above.

☐ **Direct Rollover to an Eligible Plan**: Check only one box below and complete the Rollover Information Section.

☐ Government 457(b) ☐ 401(a)/401(k) ☐ 403(b)

☐ Direct Rollover to a Traditional IRA ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**ROLLOVER INFORMATION:**

__________________________________________________________________________
**Company or Trustee's Name**

__________________________________________________________________________
**Mailing Address 1**

__________________________________________________________________________
**Mailing Address 2**

________________________________________ ____ ____ ____ ____ ____ ____ ____
**City** **State** **Zip Code**

**Your Account Number:** ____________________________________________________________

**Telephone Number:** ( ____ ____ ____ ) ____ ____ ____ — ____ ____ ____ ____

## IV. SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. Person (including a U.S. resident alien).

________________________________________ ____ ____ / ____ ____ / ____ ____ ____ ____

Signature Date (MM/DD/YYYY)

______________________________________________

Print Name

# EXHIBIT B

**PLAN OF ALLOCATION**

**1.1** Each capitalized term below has the definition provided in the Settlement Agreement, unless otherwise provided herein.

**1.2** After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Plan for payments to the accounts of Current Participants as set forth in Paragraph 1.6 below, and to Former Participants as set forth in Paragraph 1.7 below, both in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.3** To be eligible for a payment from the Net Settlement Amount, a person must be a Current Participant, Former Participant, Beneficiary, or Alternate Payee. Current Participants, as well as Beneficiaries or Alternate Payees with Active Accounts, shall receive their settlement payments as additions to their Active Accounts, as provided for in Paragraph 1.6 below. Former Participants, as well as Beneficiaries or Alternate Payees who do not have Active Accounts, shall receive their settlement payments in the form of rollovers to an individual retirement account or other eligible employer plan or in the form of checks, as provided in Paragraph 1.7 below. For Beneficiaries and Alternate Payees, whether an Active Account exists shall be determined as of the date of entry of the Preliminary Approval Order, subject to Paragraph 1.6.6 below.

**1.4** Beneficiaries will receive settlement payments, as described in this Plan of Allocation, in amounts corresponding to their entitlement as Beneficiaries of the Current Participant or of the Former Participant with respect to which the payment is made. This includes settlement payments to Beneficiaries based upon the Current Participant's or Former Participant's Plan account(s) during the Class Period and/or by the Beneficiary's own Plan account(s) during the Class Period, if an account was created in the Plan for the Beneficiary. Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Former Participant's allocation under this Plan of Allocation pursuant to the terms of the applicable QDRO, including Alternate Payees for whom an account was created in the Plan. Beneficiaries and Alternate Payees with Active Accounts will receive payments by the method described in this Plan of Allocation for Current Participants. Beneficiaries and Alternate Payees who do not have Active Accounts will receive payments by the method described in this Plan of Allocation for Former Participants. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.5** **Calculation of Settlement Payments.** Payments to Current Participants, Former Participants, Beneficiaries, or Alternate Payees, shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

> **1.5.1** The Settlement Administrator shall determine a "Settlement Allocation Score" for each Current Participant, Former Participant, Beneficiary, or Alternate Payee by: (i) determining the year-end account

balances of each Current Participant and Former Participant during the Class Period, or, if a Beneficiary or Alternate Payee had a separate account in the Plan during the Class Period, by determining the year-end balance of each such Beneficiary or Alternate Payee; and (ii) dividing the sum of each Current Participant's or Former Participant's, or, to the extent applicable, each Beneficiary's or Alternate Payee's, year-end account balances during the Class Period by the total sum of year-end asset amounts in the Plan during the Class Period. The Settlement Allocation Score shall be used to calculate the *pro rata* settlement payment to each Current Participant, Former Participant, Beneficiary, or Alternate Payee.

**1.5.2** If the dollar amount of the settlement payment to a Former Participant, or a Beneficiary or Alternate Payee who does not have an Active Account, is initially calculated by the Settlement Administrator to be $10.00 or less, then that person's payment shall be $10.00.

**1.5.3** Defendants and Defense Counsel shall use reasonable efforts to cause the Plan's Recordkeeper (or designees) to provide the necessary data subject to its control as may be reasonably available and necessary to enable the Settlement Administrator to perform the above calculations.

**1.5.4** The Settlement Administrator shall utilize the calculations required to be performed herein for: (a) making the required payments to Former Participants, and to Beneficiaries or Alternate Payees who do not have Active Accounts, under Paragraph 1.7 of this Plan of Allocation; and (b) instructing the Plan as to the amount of the Net Settlement Amount to be allocated to Current Participants, and to Beneficiaries or Alternate Payees who have Active Accounts, under Paragraph 1.6 of this Plan of Allocation and calculating the total amount to deposit into each of their Active Account(s) to fulfill this instruction.

**1.5.5** The total amount of all rollovers or checks to be paid by the Settlement Administrator for Former Participants (and Beneficiaries or Alternate Payees who do not have Active Accounts), plus the total amount of all allocations that the Plan is instructed to make to Current Participants (and Beneficiaries or Alternate Payees who have Active Accounts), may not exceed the Net Settlement Amount. Nothing in this Paragraph 1.5 is intended to modify the requirements of Paragraph 1.8 below. In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized and required to make such *pro rata* changes as are necessary to the Plan of Allocation such that said total does not exceed the Net Settlement Amount.

**1.6 Payments to Current Participants (and Beneficiaries or Alternate Payees with Active Accounts).** Current Participants, and Beneficiaries or Alternate Payees who have Active

Accounts, will not be required to submit a Former Participant Claim Form (or any other type of claim form or application) to receive a settlement payment.

**1.6.1** Within a reasonable time after the Settlement Administrator has completed all payment calculations for all participants, and Beneficiaries or Alternate Payees who have Active Accounts, the Settlement Administrator will provide the Plan's Recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and the Recordkeeper, with an Excel spreadsheet containing the name, Social Security number (or alternative identifier(s) mutually acceptable), and amount of the settlement payment to be made into the Active Account(s) for each of these persons. In the event the Excel spreadsheet includes Social Security numbers, the Settlement Administrator will transmit the spreadsheet in a manner to protect the confidentiality of any such Social Security numbers.

**1.6.2** Thereafter, within ten (10) business days after providing written notice to the Plan and the Plan's Recordkeeper, the Settlement Administrator shall effectuate a transfer from the Qualified Settlement Fund to the trust for the Plan of the aggregate amount of all settlement payments payable to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, as reflected in the spreadsheet provided by the Settlement Administrator. Defendants (or their designee) shall direct the Plan's Recordkeeper to credit the individual Active Account(s) of each such person in the amount stated on the spreadsheet provided by the Settlement Administrator in relation to each such person. The funds transferred from the Qualified Settlement Fund to the trust for the Plan and subsequently to the individual Active Account(s), which shall be considered "restorative payments" within the meaning of Revenue Ruling 2002-45, shall be deposited in a pre-tax source and will not impact an individual participant's contribution limits for the Plan year.

**1.6.3** The settlement payment for each Current Participant who is an active participant in the Plan (*i.e.*, has the right to make contributions to the Plan), will be invested in accordance with and proportionate to such participant's investment elections then on file for new contributions. If the Current Participant is no longer an active participant in the Plan, or does not have an investment election on file, then such participant shall be deemed to have directed such payment to be invested in the Plan's default investment option. Likewise, the settlement payment to each Beneficiary or Alternate Payee who has an Active Account will be invested in accordance with and proportionate to such person's investment elections then on file, or if such a person does not have investment elections on file, then such persons will be deemed to have directed such payments to be invested in the Plan's default investment option.

**1.6.4** The Plan's Recordkeeper shall process all settlement payments to Current Participants, and Beneficiaries or Alternate Payees who have Active Accounts, as soon as administratively feasible after the Plan receives the payment from the Qualified Settlement Fund and the Excel spreadsheet containing the agreed-upon information.

**1.6.5** The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Active Account(s) in accordance with this Plan of Allocation.

**1.6.6** If a Current Participant, or a Beneficiary or Alternate Payee who had an Active Account as of the date of entry of the Preliminary Approval Order, no longer has an Active Account when settlement payments are made, that person shall be treated as a Former Participant solely for purposes of the method of payment and shall receive payment by check or eligible rollover as described in Paragraph 1.7. That person shall not be required to submit a Former Participant Claim Form. A rollover shall require adequate information to effect the rollover; otherwise, payment shall be made by check to the person's last known address, as updated through commercially reasonable address searches.

**1.7 Payments to Former Participants (and Beneficiaries or Alternate Payees without Active Accounts).** Except as provided in Paragraph 1.6.6, eligibility for payment under this Paragraph requires that the Settlement Administrator receive a completed Former Participant Claim Form within one hundred twenty (120) calendar days after entry of the Preliminary Approval Order. Each Former Participant and Beneficiary or Alternate Payee who does not have an Active Account will have the opportunity to elect a rollover of their settlement payment to an individual retirement account or other eligible employer plan, which they have identified on the Former Participant Claim Form, provided that such a person supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Former Participant (or Beneficiary or Alternate Payee without an Active Account) will receive their settlement payment directly by check, assuming the timely submission of a Former Participant Claim Form. The distributions shall be issued as follows:

**1.7.1** The Settlement Administrator will either effect from the Qualified Settlement Fund the rollover of the Former Participant (or Beneficiary or Alternate Payee without an Active Account) elected in the Former Participant Claim Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect the settlement distribution by rollover, or issue a check from the Qualified Settlement Fund to the Former Participant (or Beneficiary or Alternate Payee without an Active Account) and mail the check to the address of such person listed in their Former Participant Claim Form, or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

**1.7.2** With respect to settlement payments that are not rolled over, the Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with payments allocable to the Former Participant (or Beneficiary or Alternate Payee without an Active Account); (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to these persons.

**1.8** This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties agree to promptly discuss modifications to the terms of this Plan of Allocation and present such modified terms to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website.

**1.9** The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**1.10** Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form, and the address of such mailing (email or mailing addressing); (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a payment from the Net Settlement Amount, together with the amount and form of the payment, the name of the payee, the date of payment, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**1.11** The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants and Defense Counsel will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Parties.

**1.12** Each Class Member who receives a payment under the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**1.13** All checks issued pursuant to this Plan of Allocation shall expire one hundred eighty (180) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

**1.14** No sooner than three hundred ninety-five (395) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the Qualified Settlement Fund after payments, including costs and taxes, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to the Plan's participants.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| David Hall and Jennifer Knapp, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SEI Investments Company, SEI Investments Management Corporation, SEI Capital Accumulation Plan Administration Committee, and John Does 1-30,<br><br>Defendants. | Case No. 2:25-cv-07341-JDW |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE AND PLAN OF ALLOCATION, CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, AND SCHEDULING FAIRNESS HEARING**

This Class Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, concerning the SEI Capital Accumulation Plan (the "Plan"). The terms of the proposed Settlement are set forth in the Class Action Settlement Agreement submitted with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). All capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Settlement Agreement.

Upon consideration of the Motion, the accompanying memorandum of law, the Declaration of Matthew J. Langley and its exhibits, the Settlement Agreement, the proposed Settlement Notices, the Former Participant Claim Form, the Plan of Allocation, and the record in this action, the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2) and certify

the Settlement Class for purposes of judgment on the proposal. Accordingly, IT IS HEREBY ORDERED as follows:

**1. Preliminary Certification of the Settlement Class.** Solely for purposes of settlement, and subject to final approval, the Court conditionally certifies the following Settlement Class under Federal Rules of Civil Procedure 23(a) and 23(b)(1):

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

The Class Period is January 1, 2020, through the date on which this Preliminary Approval Order is entered. The claims certified for settlement are the ERISA fiduciary-breach and failure-to-monitor claims alleged in the Amended Complaint (ECF No. 22) concerning the management and administration of the Plan, including the selection, retention, and monitoring of its investment options.

**2. Findings Supporting Certification.** Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a) as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is sufficiently numerous that joinder of all members is impracticable, and Class Members can be identified from Plan records and other objective criteria;

(b) as required by Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the Settlement Class, including whether Defendants breached their fiduciary duties under ERISA, whether any such breaches caused losses to the Plan, and the appropriate relief;

(c) as required Fed. R. Civ. P. 23(a)(3), the claims of David Hall and Jennifer Knapp (the "Class Representatives") are typical of the claims of the Settlement Class;

(d) as required by Fed. R. Civ. P. 23(a)(4), the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class, and their interests do not conflict with those of the Settlement Class;

(e) as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications establishing incompatible standards of conduct for Defendants, or adjudications that, as a practical matter, would dispose of or substantially impair the interests of other Class Members; and

(f) as required by Fed. R. Civ. P. 23(g), Class Counsel have investigated and prosecuted the claims, possess experience in class actions and ERISA litigation, understand the applicable law, and have committed the resources necessary to represent the Settlement Class.

**3. Appointment of Class Representatives and Class Counsel.** The Court preliminarily appoints David Hall and Jennifer Knapp as Class Representatives and Almeida Law Group LLC and Levin Sedran & Berman LLP as Class Counsel for the Settlement Class.

**4. Preliminary Approval of the Settlement.** The Motion is GRANTED. The Settlement Agreement is preliminarily approved, subject to further consideration at the Fairness Hearing. For purposes of directing notice under Rule 23(e)(1), the Court preliminarily finds that:

(a) The Class Representatives and Class Counsel have adequately represented the Settlement Class;

(b) The Settlement resulted from arm's-length negotiations conducted with the assistance of Robert A. Meyer, Esq., an experienced, neutral mediator, after Class Counsel obtained information sufficient to evaluate the claims and the proposed Settlement;

(c) The relief provided to the Settlement Class is adequate in light of the costs, risks, and delay of further litigation, trial, and appeal. The Settlement provides a Gross Settlement Amount of $2,750,000.00 and prospective relief under Section 15.1 of the Settlement Agreement. That provision requires Defendants, within nine months of the Settlement Effective Date, to conduct a request for proposal for an unaffiliated investment manager as defined in ERISA § 3(38), 29 U.S.C. § 1002(38), to assume fiduciary authority and discretion with respect to the Plan's investment options, other than the SEI Company Stock Fund and the current brokerage account option, on the terms stated in the Settlement Agreement;

(d) The proposed method of distributing relief is effective and treats Class Members equitably relative to one another. The Plan of Allocation generally allocates the Net Settlement Amount in proportion to year-end account balances during the Class Period. It provides for payments to Active Accounts without a claim form and payments by check or eligible rollover to persons without Active Accounts, subject to the claim requirements and exceptions stated in the Plan of Allocation;

(e) The proposed terms concerning Attorneys' Fees and Costs and Case Contribution Awards do not prevent preliminary approval. All such awards remain subject to the Court's separate review and approval. The Court has considered the Settlement Agreement and the agreements identified under Fed. R. Civ. P. 23(e)(3); and

(f) The proposed Plan of Allocation is preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing.

**5. Establishment and Administration of the Qualified Settlement Fund.** The establishment of the Qualified Settlement Fund is approved. Within ten (10) calendar days after entry of this Order, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent in accordance with Article 5 of the Settlement Agreement. The Qualified Settlement Fund shall be an interest-bearing qualified settlement fund within the meaning of Section 468B of the Internal Revenue Code and Treasury Regulation § 1.468B-1, subject to the Court's continuing jurisdiction.

The Qualified Settlement Fund shall be funded in accordance with Sections 5.4 and 5.5 of the Settlement Agreement. The first installment of $100,000.00 shall be deposited within thirty (30) calendar days after the later of (a) entry of this Order, or (b) establishment of the Qualified Settlement Fund and delivery to Defendants and/or Defense Counsel of the fund name, IRS Form W-9, and necessary wiring instructions. The remaining $2,650,000.00 shall be deposited within twenty-one (21) calendar days after the Settlement Effective Date.

The Settlement Administrator shall serve as administrator of the Qualified Settlement Fund and shall carry out the tax reporting, withholding, payment, reserve, and recordkeeping responsibilities set forth in Article 5 of the Settlement Agreement. Disbursements, investments, and distributions from the Qualified Settlement Fund shall be made only as authorized by the Settlement Agreement, the Plan of Allocation, this Order, or further order of the Court. The obligations and limitations of responsibility of Defendants, Defense Counsel, Class Counsel, the Settlement Administrator, and the Escrow Agent shall remain as provided in the Settlement Agreement. In particular, Defendants shall have no liability, obligation, or responsibility for

administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund, except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

**6. Fairness Hearing.** A Fairness Hearing is scheduled for ____________________, 20____, at __________ __.m., in Courtroom ______ of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, or by telephone or videoconference as directed by the Court. The hearing shall be held no sooner than one hundred forty (140) calendar days after the Motion was filed, on a date that permits completion of the notice and claims procedures ordered below. No order granting final approval shall issue before expiration of the period required by 28 U.S.C. § 1715(d). At the Fairness Hearing, the Court will consider:

- Whether the Settlement is fair, reasonable, and adequate and should receive final approval under Rule 23(e)(2);
- Whether certification of the Settlement Class and the appointments of the Class Representatives and Class Counsel should be made final;
- Whether the Plan of Allocation should receive final approval;
- Whether the applications for Attorneys' Fees and Costs, Case Contribution Awards, Administrative Expenses, and any reserve should be approved;
- Any timely objections to the Settlement, the Plan of Allocation, or the requested awards; and
- Whether to enter the Final Approval Order and dismiss the Class Action with prejudice.

**7. Approval of Settlement Notices and Claim Form.** The Court approves the form and content of the Notice of Class Action Settlement and Fairness Hearing, the email and postcard notices submitted in support of the Motion, and the Former Participant Claim Form, including the forms contemplated by Exhibits A and A-1 to the Settlement Agreement. Together with the Settlement Website and the distribution procedures ordered below, the notices fairly and adequately describe the nature of the action, the Settlement Class, the material terms of the Settlement and release, the Plan of Allocation, the requested Attorneys' Fees and Costs and Case Contribution Awards, the Fairness Hearing, the claims process, and the right to object. The form and manner of notice constitute the best notice practicable under the circumstances and satisfy Rules 23(c)(2)(A) and 23(e)(1) and due process. Because the Settlement Class is conditionally certified under Rule 23(b)(1), Class Members do not have a right to exclude themselves from the Settlement Class.

**8. Settlement Administrator and Notice Procedures.** The Court approves Kroll Settlement Administration LLC as Settlement Administrator and directs the Settlement Administrator and the Settling Parties to implement the following procedures:

(a) Within thirty (30) calendar days after entry of this Order, the Settlement Administrator shall send the Settlement Notice and Former Participant Claim Form, as applicable, to each Class Member identified through reasonable efforts from the data provided by Defendants and the Plan's Recordkeeper. Notice shall be sent by email first and then, if necessary, by first-class mail. The approved email and postcard notices may direct recipients to the full Settlement Notice and applicable claim materials on the Settlement Website.

(b) The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and shall resend the applicable notice materials one additional time, as provided in Section 3.4 of the Settlement Agreement.

(c) No later than the commencement of notice, the Settlement Administrator shall establish the Settlement Website and telephone support line. The website shall provide access to the Complaint, the Settlement Agreement and its exhibits, the approved Settlement Notices, the Former Participant Claim Form, the Plan of Allocation, this Order, and other materials required by Section 14.2 of the Settlement Agreement. Applications for Attorneys' Fees and Costs and Case Contribution Awards, the final approval motion, and any amendments or further settlement orders shall be posted promptly when available.

(d) Defendants and Defense Counsel shall respond timely to reasonable written requests from the Settlement Administrator for readily accessible data reasonably necessary to administer the Settlement and shall use reasonable efforts to provide such data within thirty (30) days of the request, in accordance with Sections 3.3 and 9.2 of the Settlement Agreement. The Settlement Administrator shall use such data solely to administer the Settlement and shall comply with the confidentiality and security obligations in the Settlement Agreement.

(e) Current Participants and Beneficiaries or Alternate Payees with Active Accounts are not required to submit a claim form to receive payment. Except as provided in Paragraph 1.6.6 of the Plan of Allocation, the Settlement Administrator must receive a completed Former Participant Claim Form from any Former Participant or Beneficiary or Alternate Payee without an Active Account within one hundred twenty (120) calendar days

after entry of this Order. Such persons may elect an eligible rollover by providing adequate information on the claim form; otherwise, payment shall be made by check, subject to timely submission of the claim form.

(f) A person who had an Active Account as of entry of this Order but no longer has an Active Account when payments are made shall receive payment by check or eligible rollover under Paragraph 1.6.6 of the Plan of Allocation and shall not be required to submit a Former Participant Claim Form.

(g) The Settlement Administrator may make non-substantive modifications to the approved notice materials agreed upon by the Settling Parties, provided that such modifications are consistent with this Order and the Settlement Agreement. Any material change shall require Court approval.

**9. Applications for Attorneys' Fees and Costs and Case Contribution Awards.** Class Counsel shall file any motion for Attorneys' Fees and Costs and Case Contribution Awards, with supporting papers, no later than forty-five (45) calendar days before the Fairness Hearing. Under Section 7.1 of the Settlement Agreement, Class Counsel may request attorneys' fees not exceeding 35% of the Gross Settlement Amount, reimbursement of litigation costs and expenses, and Case Contribution Awards not exceeding $5,000.00 for each Class Representative. This Order does not approve any requested award. All requests remain subject to final review by the Court, and the Settlement Administrator shall make the motion and supporting papers available on the Settlement Website.

**10. Motion for Final Approval.** Class Counsel shall file the motion for final approval of the Settlement, with supporting papers, no later than forty-five (45) calendar days before the Fairness Hearing. The supporting materials shall address implementation of the notice program

and compliance with this Order. The final approval motion and supporting materials shall be made available on the Settlement Website.

**11. Objections.** Any Class Member or authorized recipient of a CAFA Notice may object to the Settlement, the Plan of Allocation, or any requested Attorneys' Fees and Costs, Case Contribution Awards, or Administrative Expenses. An objection must identify *Hall v. SEI Investments Company*, No. 2:25-cv-07341-JDW; provide the objector's name, address, telephone number, and signature; explain the basis for the objection and whether it applies to the objector alone, a portion of the Settlement Class, or the entire Settlement Class; and include any supporting papers or evidence the objector wishes the Court to consider. A Class Member shall provide information sufficient to establish membership in the Settlement Class.

The objection and supporting materials must be filed with the Court or postmarked no later than thirty (30) calendar days before the Fairness Hearing. Copies must also be provided to Class Counsel and Defense Counsel at the addresses set forth in the Settlement Notice. Objections sent by mail to the Court shall be addressed to:

Clerk of Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797
Re: *Hall v. SEI Investments Company*, No. 2:25-cv-07341-JDW

An objector may retain counsel at the objector's expense. Any attorney retained to represent an objector shall file a notice of appearance no later than fifteen (15) calendar days before the Fairness Hearing. Unless the Court orders otherwise for good cause, a Class Member who does not submit a timely objection in accordance with this Order shall be deemed to have waived the

objection. The Settling Parties may file responses to objections no later than seven (7) calendar days before the Fairness Hearing.

**12. Additional Submissions.** Any additional briefs in support of final approval, including responses to objections, shall be filed no later than seven (7) calendar days before the Fairness Hearing. Further submissions may be filed only as permitted by the Court.

**13. Participation in the Fairness Hearing.** Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate no later than fifteen (15) calendar days before the Fairness Hearing. The notice shall identify the person and, if applicable, that person's attorney and contact information. An objector who complies with this Order may appear personally or through retained counsel at the objector's expense. Except for good cause shown, a person who does not timely provide notice of intent to participate will not be permitted to speak. Attendance at the hearing is not required for the Court to consider a timely written objection.

**14. Notice Expenses.** The expenses of preparing and disseminating the Settlement Notices and administering the Settlement shall be Administrative Expenses paid from the Gross Settlement Amount as provided in the Settlement Agreement.

**15. Parallel Proceedings.** Pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through Representatives, or in any other capacity commence an action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plan. Proceedings in this Class Action remain stayed except to the extent necessary to seek approval of or implement the Settlement, or as otherwise ordered by the Court.

**16. CAFA Notice.** Within ten (10) calendar days after filing of the Motion, the Settlement Administrator shall provide the CAFA Notices to the officials specified in Section 3.5 of the Settlement Agreement, including the Attorney General of the United States, the Secretary of Labor, and the Attorneys General of the states in which Class Members reside, in compliance with 28 U.S.C. § 1715. Upon completion, the Settlement Administrator shall notify the Settling Parties in writing. Proper and timely service of the required notices by the Settlement Administrator shall satisfy Defendants' notice obligations under CAFA. Final approval remains subject to compliance with 28 U.S.C. § 1715(d).

**17. Continuance of the Fairness Hearing.** The Court reserves the right to continue or adjourn the Fairness Hearing without further direct notice to Class Members, other than notice to Class Counsel, and to conduct the hearing by telephone or videoconference. Any change in the hearing date, time, or manner shall be posted promptly on the Settlement Website.

**18. Independent Fiduciary Review.** The Independent Fiduciary retained by Defendants on behalf of the Plan shall review the Settlement in accordance with Sections 3.1 and 12.4 of the Settlement Agreement and the applicable conditions of Prohibited Transaction Exemption 2003-39, as amended. No later than thirty (30) calendar days before the Fairness Hearing, the Independent Fiduciary shall provide its written determination to Defendants, with copies to Class Counsel and Defense Counsel, as required by the Settlement Agreement. The Settlement remains subject to the conditions and any permitted waiver set forth in Sections 12.4 and 13.1.1 of the Settlement Agreement.

**19. Effect of Termination.** If the Settlement is terminated or does not become effective in accordance with the Settlement Agreement, the settlement-only certification and appointments made in this Order shall be vacated, and the Settling Parties shall be restored to their respective

litigation positions as provided in the Settlement Agreement. Neither the Settlement nor this Order shall constitute an admission of liability or wrongdoing or a concession concerning certification for litigation purposes.

SO ORDERED this ______ day of ____________________, 20____.

BY THE COURT:

____________________________________
UNITED STAES DISTRICT COURT JUDGE
JOSHUA D. WOLSON